**CITY OF BURNSVILLE, Respondent,**

v.

**Carlton BRASTAD, Appellant.**

**No. CO–84–315.**

Court of Appeals of Minnesota.

Sept. 4, 1984.

Robert R. King, Jr., David L. Harmeyer, So. St. Paul, for respondent.

Carlton Brastad, pro se.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Carlton Brastad challenges his misdemeanor conviction for violating a Burnsville city ordinance prohibiting the outside storage of inoperable vehicles, equipment, and debris in a residential district. We affirm.

## FACTS

Appellant has owned some property in Burnsville since at least 1964. In 1965, Burnsville enacted city ordinance section 10, chapter 12, 10–12–1(F) relating to family residential districts:

All waste material, debris, refuse, garbage, or materials not currently in use for construction shall be stored indoors, totally screened from the eye-level view from public streets and adjacent properties, or be kept in covered trash containers.

The City of Burnsville received various complaints about appellant's property. Appellant received two written letters about the need for appellant to comply with the ordinance. Several inoperable vehicles, equipment, trucks and material were stored outside on his property.

Appellant was issued a citation. At trial, appellant claimed that the condition of his property was the same as it was prior to the adoption of the ordinance and hence under the "grandfather clause" he was not guilty. The "grandfather clause" states:

Except as otherwise provided in this Title, any structure or use lawfully existing upon the effective date of this Title may be continued at the size and any manner of operation existing upon such date.

Burnsville City Code 10–7–2(A).

Evidence was presented by both parties regarding the condition of the property prior to and after the enactment of the ordinance. The jury found appellant guilty of violating Burnsville Ordinance 10–12–1(F). The jury also found appellant not guilty of the charge of operation of a non-conforming home occupation in the residential district. Appellant was fined $770 and sentenced to 90 days in jail. The sentence was stayed on the conditions that (1) appellant pay $55; (2) appellant remove cement pumping equipment by March 15, 1984; (3) appellant remove the remainder of the vehicles, debris and other items by July 15, 1984; (4) appellant have no new or similar violations for six months; and (5) appellant contact the Burnsville zoning office about his removal plans.

## ISSUES

1. Is the evidence sufficient to sustain the conviction?

2. Did the trial court abuse its discretion in ordering appellant to remove trucks from his property as a condition of the stayed sentence?

## ANALYSIS

■ 1. It is clear the jury could reasonably find appellant violated the ordinance and that use of property and manner of operation was not the same as it was prior to the enactment of the ordinance. Appellant's brother testified that prior to the ordinance, there were a few cars parked on the property and household garbage had been dumped there. He also indicated the property was used for farming prior to the ordinance. Under established principles of appellate review, we believe the jury could thus reasonably have found appellant guilty. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

■ 2. Minn.Stat. § 609.135, subd. 1 (1982), provides that a court may stay imposition or execution of sentence and place the defendant on probation "on the terms the court prescribes." The trial court ordered the appellant to clean-up his property to comply with the ordinance; the trial court did not abuse its discretion.

## DECISION

Appellant's conviction for violating Burnsville City Ordinance 10–12–1(F) is affirmed.

Affirmed.